IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALLY CHOATE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:13-CV-0269-L (BH) |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this social security case has been automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation. Based on the relevant filings and applicable law, the case should be dismissed for failure to follow court orders.

### I.  BACKGROUND

The plaintiff filed this case on January 22, 2013, appealing the decision of the Commissioner of the Social Security Administration.  (Doc. 3.)  After the Commissioner answered, the Court entered a scheduling order on April 11, 2013, that set a May 10, 2013 deadline for the filing of plaintiff's brief in support of her appeal.  (Doc. 15.)  Because the plaintiff did not timely file her brief by that deadline, on June 7, 2013, the Court entered an order directing her to either file her brief or to show cause in writing why she had failed to timely file her brief.  (Doc. 16.)  The order explained that if the plaintiff failed to comply, her case would be subject to *sua sponte* dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order.  *Id.*

On June 20, 2013, the plaintiff filed a partial copy of the June 7, 2013 order with the following handwritten notation: "Attached you will find plaintiff's motion for summary judgement/prook [sic] of disability". (Doc. 17.) The attachments consist of 13 pages of medical records. *Id.* On June 21, 2013, the Court entered an order notifying the plaintiff that her filing did not comply with requirements for a brief that were specifically set out in the April 11, 2013 scheduling order. (Doc. 18.) She was ordered to file a brief that complied with the scheduling order no later than Friday, July 5, 2013. *Id.* The order again stated that if the plaintiff failed to comply with this order, dismissal of her case would be recommended without further notice for failure prosecute or to comply with a court order. *Id.*

On July 2, 2013, the plaintiff filed a hand-written response to the order to show cause stating in relevant part, "I already gave yall my proof why I need my help." (Doc. 19.) Neither this filing nor the prior filing comply with the requirements for a brief in the scheduling order because they do not set out the errors she contends entitle her to relief or the specific issues she presents for review.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Despite several opportunities, the plaintiff has still not complied with the court's orders to file a brief that complies with the scheduling order. She has not identified the errors she contends entitle her to relief or the specific issues she presents for

review. The orders specifically warned that failure to comply could result in dismissal of this action without further notice. Because she failed to follow the court's orders to identify the basis for her appeal, the case is subject to dismissal.

### III.  RECOMMENDATION

This case should be is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the plaintiff files a brief that complies with the scheduling order within the time for objecting to this recommendation, or some other time set by the Court.

**SO ORDERED** on this 3rd day of July, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE